Citation Nr: 1132156 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-32 933 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for residuals of shell fragment wounds of the left leg.

2. Entitlement to service connection for residual scarring of the left second and fourth fingers.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

V. Chiappetta, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from December 1943 to February 1946.

This matter is before the Board of Veterans' Appeals (the Board) on appeal of August 2005 and March 2006 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

Procedural history

The RO previously denied the Veteran's service-connection claim for residuals of shell fragment wounds of the left leg in two unappealed March 1996 and May 2002 rating decisions. 

In September 2004, the Veteran filed a claim to reopen his left leg claim, which the RO denied in the above-referenced August 2005 rating decision. Subsequently, in March 2006, the RO also denied the Veteran's service-connection claim for residual scarring of the left second and fourth fingers. The Veteran disagreed with both of the RO's determinations, and perfected an appeal as to each issue.

The Veteran testified at a Travel Board hearing which was chaired by the undersigned Veterans Law Judge at the Waco RO in June 2009. A transcript of the hearing has been associated with the Veteran's VA claims folder.

In October 2009, the Board reopened the Veteran's service-connection claim for residuals of shell fragment wounds of the left leg, and remanded the claim to the agency of original jurisdiction (AOJ). In the same decision, the Board also remanded the Veteran's service-connection claim for residual scars of the left second and fourth fingers for additional evidentiary development. Such was achieved, and the Veteran's claims were readjudicated by the Appeals Management Center (AMC) in a June 2011 supplemental statement of the case (SSOC). The Veteran's claims folder has been returned to the Board for further appellate review.

Issues not on appeal

In its October 2009 decision, the Board awarded the Veteran service connection for partial amputation of the left fourth finger, and for arthralgias of each knee and each ankle. Service connection for the Veteran's knee arthralgia was awarded as the evidence showed that such disabilities resulted from injuries sustained by during active service. The Board's decisions are final. See 38 C.F.R. § 20.1100 (2010). The RO subsequently assigned noncompensable (zero percent) ratings for each disability. See the RO's December 2009 rating decision. The record does not reflect that the Veteran filed a notice of disagreement with this action. 

To the extent the Veteran's representative now argues that a separate service-connection award should be granted for degenerative arthritis of the left knee [as a residual of shrapnel wounds to the left leg], the Board observes that service connection for musculoskeletal disability of the left knee has already been granted. To award service-connection for both arthralgia and arthritis of the left knee would amount to prohibited pyramiding. See 38 C.F.R. § 4.14 (2010) [the evaluation of the same disability under various diagnoses is to be avoided]. On the other hand, the Board observes that the Veteran has recently asserted that a higher evaluation is warranted for his left knee disability. As discussed immediately below, the Board is referring the Veteran's contentions of increased severity of his left knee disability to the agency of original jurisdiction (AOJ) as a claim for an increased (compensable) disability rating. 

Referred issues

In an August 2011 statement, the Veteran's representative asserts that recent medical evidence of record demonstrates worsened severity of the Veteran's service-connected right and left knee, and right and left ankle disabilities, warranting the assignment of compensable disability ratings. See the August 5, 2011 Informal Hearing Presentation, page 3. Additionally, the Veteran's representative also appears to assert that service-connection should be granted for disability to the fingers of the left hand other than scars, to include arthritic changes. See id., page 2. As these increased rating and service-connection claims have not yet been considered by the RO, they are referred to the RO for appropriate action. See Godfrey v. Brown, 7 Vet. App. 398 (1995) [the Board does not have jurisdiction of issues not yet adjudicated by the RO]; see also Bernard v. Brown, 4 Vet. App. 384 (1993).

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The evidence of record supports a finding that a relationship exists between the Veteran's currently-diagnosed left leg shrapnel scars and his active duty military service.

2. The evidence of record supports a finding that a relationship exists between the Veteran's currently-diagnosed left second and fourth finger shrapnel scars, and his active duty military service.


CONCLUSIONS OF LAW

1. The Veteran's left leg shrapnel scars were incurred in active duty military service. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. § 3.303 (2010).

2. The Veteran's left second and fourth finger shrapnel scars were incurred in active duty military service. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. § 3.303 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has given consideration to the provisions of the Veterans Claims Assistance Act of 2000 (VCAA). The VCAA includes an enhanced duty on the part of VA to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. The VCAA also redefines the obligations of VA with respect to its statutory duty to assist claimants in the development of their claims. 

VCAA notice letters regarding the Veteran's claims were sent to the Veteran in October 2004, November 2005, March 2006 and December 2009. The Board need not discuss in detail the sufficiency of these VCAA notice letters in light of the fact that the Board is granting the Veteran's claims. Any potential error on the part of VA in complying with the provisions of the VCAA has essentially been rendered moot by the Board's grant of the benefit sought on appeal. Similarly, any failure on the part of the AOJ to comply with the Board's October 2009 remand instructions is also rendered moot by the Board's grant of the benefits sought on appeal.

The Board also notes the Veteran has been provided notice regarding degree of disability and effective date as required by the decision of the United States Court of Appeals for Veterans Claims (the Court) in Dingess v. Nicholson, 19 Vet. App. 473 (2006) in the above-referenced March 2006 and December 2009 VCAA letters. As discussed in detail below, the Board is granting the Veteran's claims. It is not the Board's responsibility to assign disability ratings or effective dates in the first instance. The Board is confident that if required, the Veteran will be afforded any additional appropriate notice needed under Dingess. 

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2010). For the sake of economy, the Board will address both service-connection claims together.




Relevant law and regulations

In general, service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303. Notwithstanding the above, service connection may be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2010).

In order to establish service connection for the claimed disorder on a direct basis, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). 

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (the Court) stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Analysis

In essence, the Veteran contends that he has scars of the left second and fourth finger, as well as residual disability to his left leg as a result of shrapnel wounds sustained during his active duty military service in World War II. 

As noted above, in order to establish service connection for the claimed disorder on a direct basis, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the two. See Hickson, 12 Vet. App. at 253. 

Turning first to Hickson element (2) [in-service disease or injury], the Veteran asserts that he sustained a number of injuries during service as a result of the events of March 19, 1945 when his ship, the USS Franklin, was bombed by an enemy plane. Although the Veteran's service treatment records do not demonstrate that the Veteran received treatment for shrapnel wounds in service, the Board has already found the Veteran's lay testimony describing this in-service attack, and the resulting shrapnel injuries sustained in the attack to his legs and arms, to be both competent and credible. See the Board's October 2009 decision, page 9. Accordingly, Hickson element (2) is satisfied as to the Veteran's left leg and finger claims currently on appeal.

Moving next to Hickson elements (1) and (3) [current disability, and nexus or relationship], a January 2010 VA examiner pertinently determined that the Veteran did in fact have superficial scars of the left second and fourth fingers, as well as superficial scars of the left lower extremity at knee level that were as likely as not due to shrapnel wounds incurred during active service. See the January 2010 VA examiner's report, pages 6 and 7. Crucially, there is no evidence of record that contradicts the findings of the January 2010 VA examiner. Although the VA examiner noted that these scars are "virtually invisible," the Board agrees with the Veteran's representative that service connection for these scars may still be granted, regardless of whether the scars are symptomatic. See the August 5, 2011 Informal Hearing Presentation, page 3. 

Notably, both the January 2010 VA examiner and a May 2011 VA examiner diagnosed the Veteran with degenerative changes of the left knee and of the left second through fifth fingers, and opined that each change was as likely as not related to shrapnel wounds sustained in service. See the January 2010 VA examiner's report, page 7; see also the May 2011 VA examiner's report, page 17. As noted above however, the Board has already awarded the Veteran service connection for left knee musculoskeletal disability-namely, arthralgia-and has referred the Veteran's current assertions that he is entitled to a higher level of disability compensation for his left knee to the RO for adjudication of an increased rating claim. Similarly, based on these findings, and on the recent assertions of the Veteran's representative, the Board has also referred a service-connection claim for left second through fifth finger arthritis to the RO for adjudication. 

In sum, the evidence of record clearly reflects that the Veteran's current left second and fourth finger scars, as well as the scars of his left leg are related to shrapnel wounds sustained during his active duty military service. Indeed, the January 2010 and May 2011 VA examiners' conclusions are highly probative, and have support in the record. See letters dated September 20, 2006 and May 19, 2009 from Dr. R.L.S. and Dr. R.A.P. respectively [noting scaring of the left second and fourth fingers, and scarring of the left lower extremity resulting from shrapnel injuries in World War II]. Thus, all three Hickson elements are met as to both issues. The benefits sought on appeal are allowed.


ORDER

Service connection for left leg shrapnel scars is granted.

Service connection for left second and fourth finger shrapnel scars is granted.



____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs